## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

THAI MEDITATION ASSOCIATION OF
ALABAMA, INC., et al,

                 Plaintiffs,

vs.

CITY OF MOBILE, ALABAMA,                     Civil No. 1:16-cv-00395-TFM

                 Defendant.

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Since the filing of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 195), Brief in Support (ECF No. 197), Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 201), and subsequent Reply in Support of Plaintiffs' Motion (ECF No. 204), and after the oral argument on the same ended on November 3, 2021, the United States Court of Appeals for the Fourth Circuit issued a decision that is pertinent and significant to the issues currently before the Court on Plaintiffs' Motion.  Plaintiff thus submits this Notice of Supplemental Authority pursuant to Civil Local Rule 7(f)(3).

In *Redeemed Christian Church of God (Victory Temple) Bowie v. Prince George's County*, the Fourth Circuit determined that the government did not use the "least restrictive means"of furthering its asserted "compelling governmental interest" in "traffic safety" because the government "wholly fail[ed] to link its compelling interest to the denial of Victory Temple's application for an amendment."  *Redeemed Christian Church of God (Victory Temple) Bowie v. Prince George's Cty.*, No. 20-2125, ___ F.4th ___, 2021 WL 5099936, at *10 (4th Cir. Nov. 3, 2021).

Very similar to the instant matter, anecdotal evidence of existing speeding and accidents had been cited by a County Councilman during the hearing on the plaintiff's application (*id.* at *4) and witnesses at the trial also testified to anecdotal evidence of poor road conditions and produced photos of accidents on the road.  *Id.* at *5.  However, "[t]he County presented no trial evidence to show that it considered any less restrictive means before denying the Application."  *Id.* at *10.  The Fourth Circuit held:

> The absence of a traffic study — or any evidence showing that the County considered other ways of achieving its interest in traffic safety — underscores the County's lack of consideration of alternatives. That fact undermines the County's position that its denial of the Application constituted the least restrictive means of furthering the County's interests.

*Id.* at *10.  As a result, the Fourth Circuit affirmed the district court's ruling that the municipality had failed to meet its burden under strict scrutiny.  *Id.* at 11.

Plaintiffs' Brief in Support of Motion for Summary Judgment (ECF No. 197) discusses this issue at page 30.  Plaintiffs' Reply in Support of Motion for Summary Judgment (ECF No. 204) discusses this issue at pages 12 through 15.  Plaintiffs' Opposition (ECF No. 201) discusses it at pages 21 through 24.

**JOHN LAWLER, ESQ.**

/s/ John L. Lawler
Post Office Box 47
Mobile, Alabama 36601
Tel: 251-432-8861

*Attorney for Plaintiffs*

**STORZER & ASSOCIATES, P.C.**

/s/ Roman Paul Storzer
Roman P. Storzer, *admitted pro hac vice*
Blair Lazarus Storzer, *admitted pro hac vice*
1025 Connecticut Ave., N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing on all counsel of record on November 15, 2021.

**STORZER & ASSOCIATES P.C.**

/s/ Roman Paul Storzer
Roman Paul Storzer, *admitted pro hac vice*

*Attorney for Plaintiffs*