IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THAI MEDITATION ASSOCIATION OF ALABAMA, INC., et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CITY OF MOBILE, ALABAMA,** )<br>)<br>**Defendant.** ) | **CASE NO. 1:16-cv-00395-TM-MU** |

### RENEWED MOTION TO TAX COSTS

COMES NOW Defendant City of Mobile, Alabama ("the City"), by and through undersigned counsel of record, and moves this Court for an Order taxing costs in the above-styled action in the total sum of $16,858.15 pursuant to this Court's Final Judgment of April 21, 2022 (Doc. 215)[1], 28 U.S.C. § 1920, Fed. R. App. Procedure 39(e), and FED.R.CIV.P. 54(d), and as grounds therefore shows unto this Court the following:

### Introduction

The Court entered judgment in favor of the City by Order dated April 21, 2022 following the appeal of this matter, and subsequent summary judgment briefing on remand. This motion is filed pursuant to the Court's Judgment of April 21, 2022, and within the deadline set forth in that Order. (Doc. 215).

There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). To rebut this presumption, the losing party must demonstrate that "there is some fault, misconduct, default, or action worthy of penalty on the

---

[1] The City filed an initial Motion to Tax Costs prior to the appeal of the case to the Eleventh Circuit, which was held in abeyance pending the outcome on appeal. (Docs. 171 and 186).

part of the prevailing side." *Desisto College, Inc. v. Town Of Howey-in-the-Hills*, 718 F.Supp. 906 (M.D. Fla. 1989).  When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

The items which Defendant seeks to be taxed as costs fall primarily into two categories: costs associated with securing deposition and trial testimony in the case and the cost of copies utilized in discovery and/or made in conjunction with trial or for purposes of summary judgment submissions to the Court. All categories fall plainly within the language of 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39(e), which authorize taxation of the following:

**28 U.S.C. § 1920**

> … (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

**Fed. R. App. Procedure 39(e)**

> (1) The preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal….

### Costs of Depositions

It has been long recognized, dating back to this District's days as part of the Fifth Circuit, that "there is an abundance of common sense to justify a court allowing the costs of a deposition copy." *U.S. v. Kolesar*, 313 F.2d 835, 838 (5th Cir. 1963)(detailing several practical and policy reasons for allowing taxation of copies of depositions as costs). Defendant seeks taxation of the following costs expended for depositions taken in the case, in accord with the below table:

| Deponent | Deposition Date | Deposition Noticed By | Dollar Expense |
|---|---|---|---|
| Marie Cross York | 06/26/2017 | Plaintiffs | $206.42 |
| Sivaporn Nimityongskul | 06/27/2017 | Defendant | $1,444.55 |
| Prasit Nimityongskul | 06/28/2017 | Defendant | $210.30 |
| Varin Nimityongskul | 06/28/2017 | Defendant | $149.10 |
| Lynda Burkett | 06/29/2017 | Plaintiffs | $201.79 |
| Mary Beth Bergin | 06/29/2017 | Plaintiffs | $301.44 |
| Serena Nimityongskul | 07/20/2017 | Defendant | $622.25 |
| James May | 08/29/2017 | Plaintiffs | $161.18 |
| Bert Hoffman | 08/29/2017 | Plaintiffs | $516.84 |
| Richard Olsen | 08/30/2017 | Plaintiffs | $269.45 |
| A. Bailey duMont | 09/14/2017 | Defendant | $1,686.45 |
| C.J. Small | 09/14/2017 | Plaintiff | $215.06 |
| Tamela Esham | 09/19/2017 | Plaintiffs | $514.30 |
| Doug Anderson | 09/25/2017 | Plaintiffs | $324.80 |
| Hoffman 30(b)(6) | 09/26/2017 | Plaintiffs | $362.52 |
| Olsen 30(b)(6) | 09/26/2017 | Plaintiffs | $357.17 |
| Total: | | | $7,543.62 |

Supporting invoices for each of these deposition expenditures are submitted as Exhibit B to the Notice of Filing Evidence, with further explanation provided by the Declaration of Michael D. Strasavich attached to the Notice of Filing Evidence as Exhibit A.

Taxation of deposition costs is authorized by 28 U.S.C. § 1920(2). *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The cost of taking depositions is a taxable Rule 54(d)

cost if the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Hall v. Superior Trucking Co., Inc.*, 532 F.Supp. 985, 994 (N.D.Ga. 1982). A deposition not used at the trial is still taxable in favor of the prevailing party if it appeared to be reasonably necessary to the parties in light of a particular situation existing at the time it was taken. *Hall*, 532 F.Supp. at 994.

A district court may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)(*quoting Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Finally, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." *Ass'n for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D.Fla. 2005); *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Costs of both the original and one copy of a deposition transcript are recoverable as long as the deposition was necessarily obtained for use in the case. *Massey, Inc. v. Moe's Southwestern Grill, LLC*, Civil Action No. 1:07-CV-00741-RWS, 2015 WL 5794175, *2 (N.D. Ga. Oct. 5, 2015).

The majority of the depositions taken in the case, eleven of sixteen, were noticed by Plaintiffs. Of the deponents listed in the Table above, the following deponents testified live in the course of the trial: Marie Cross York, Sivaporn Nimityongskul, Mary Beth Bergin, Serena Nimityongskul, Bert Hoffman, Richard Olson, Tamela Esham, and Doug Anderson. In addition, four depositions, including the depositions of Olsen and Hoffman as individuals, and as 30(b)(6) representatives of the City of Mobile, were submitted into evidence by Plaintiffs (together with appropriate counter-designations by Defendant). Moreover, deposition testimony of each and every deponent contained in the Table was utilized by one side or both during the heavily-briefed

summary judgment motions filed by each side in 2017. (See Declaration of Michael D. Strasavich attached as Exhibit A to the Notice of Filing Evidence).

In fact, fourteen of the sixteen witnesses for whom Defendant seeks to have taxed as costs the deposition expenses appeared on Plaintiffs' trial witness list. (See Joint Pretrial Document, Doc. 142). The Eleventh Circuit has described its treatment of this situation thusly:

> We have upheld the taxation of a deposition where the losing party listed the deponent on its witness list. *See Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985). Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, *see Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. at 717 (N.D.Ill. 1982), and that "the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *id*. at 718.

*U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).

The depositions of Plaintiffs Varin and Prasit Nimityongskul were taken by Defendant as a necessary part of the litigation, as these Plaintiffs had elected to file suit against Defendant. Though these two Plaintiffs did not attend or testify at trial, their deposition transcripts were utilized by Defendant in the summary judgment motion proceedings and the transcripts were certainly necessary to the litigation, particularly at the time when they were taken in 2017, which is the time by which the necessity of the deposition must be judged by the Court. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D. Fla. 2005)("deposition costs are taxable … unless the losing party demonstrates that the deposition was not related to an issue present in the case <u>at the time of the deposition</u>")(emphasis added); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 912 (M.D. Fla. 1989)("necessity of a deposition is determined in light of the facts known at the time that the deposition was taken").

In a similar vein, Bailey DuMont, who Plaintiffs designated both in discovery as an expert witness and in their Pretrial Disclosures as an expert witness, was the subject of a pretrial Motion in Limine filed by Defendant on *Daubert* grounds (Doc. 147), with such motion based largely upon the deposition testimony of DuMont taken by Defendant back in 2017. Plaintiffs' only response to this motion was to withdraw DuMont as an expert witness. (Doc. 152). It certainly was necessary to the litigation for Defendant to have taken the deposition of DuMont back in the summer of 2017, especially given the evidentiary basis the deposition provided for Defendant's aforementioned successful Motion in Limine.

Accordingly, Defendant seeks to have $7,543.62 taxed as costs in conjunction with depositions taken in the case, as reflected in the invoices attached as Exhibit B to the Notice of Filing Evidence.

**Trial Transcripts**

Defendant also seeks costs for expenses related to purchasing copies of the uncertified trial transcripts for use in preparing the proposed Findings of Fact and Conclusions of Law as directed by the Court on March 22, 2019, for submission by Defendant not later than March 29, 2019 (Doc. 167). These costs have been taxed where receiving the trial transcript was necessary to prepare findings of fact and conclusions of law. See *Massey, Inc. v. Moe's Southwestern Grill, LLC*, Civil Action No. 1:07-CV-00741-RWS, 2015 WL 5794175, *3 (N.D. Ga. Oct. 5, 2015). Defendant also utilized certain of these transcripts in preparation for closing argument.

These invoices are attached as Exhibit C to the Notice of Filing Evidence, with an explanation for their necessity reflected in the declaration of the undersigned attached to said Notice as Exhibit A. Defendant also seeks costs in relation to ordering the trial transcript in its entirety for purposes of appeal. That invoice (dated August 5, 2019) is also attached as part of Exhibit C to the Notice of Filing.

| Date Ordered | Volumes Ordered | Dollar Amount |
|---|---|---|
| March 18, 2019 | Volumes 3, 4, and 5 | $1,467.90 |
| March 22, 2019 | Volumes 1, 2, 6, and 7 | $1,554.65 |
| August 5, 2019 | Entire Trial Transcript | $1,299.60 |
| Total: | | $4,322.15 |

Aside from their use to prepare Findings of Fact and Conclusions of Law, district courts have considered other factors including the length and complexity of trial. *See Maris Distributing Company v. Anheuser-Busch, Inc.*, 302 F.3d 1207 (11th Cir. 2002)(district court had discretion to tax costs of expedited trial transcripts which were necessitated based on case's length and complexity); *Denton v. Daimler-Chrysler Corp.*, 645 F.Supp.2d 1215, 1228 (N.D. Ga. 2009)(taxing costs of trial transcript as necessary for use in the case).

Accordingly, Defendant seeks to have $3,022.55 taxed in conjunction with the expense of obtaining trial transcripts, as reflected in the invoices attached as Exhibit C to the Notice of Filing Evidence.

**Copies Made in Discovery and in Conjunction with Trial and Proceedings on Remand**

In addition to the costs of depositions and the expense of securing trial transcripts, Defendant seeks taxation of costs for copies made and utilized in the course of discovery, trial, and remand proceedings. The table below sets forth the date of the invoice, the name of the vendor, number of copies, per copy charge, and total amount of the invoice:

| Date | Vendor | Number of Copies | Per copy charge | Subtotal | Tax | Total |
|---|---|---|---|---|---|---|
| 04/11/2017 | Source One Legal Copy, Inc. | 4,635 | 0.105 | $486.68 | $48.67 | $535.35 |

| Date | Vendor | Number of Copies | Per copy charge | Subtotal | Tax | Total |
|---|---|---|---|---|---|---|
| 10/15/2018 | Prolegal | 916<br>237 | 0.10<br>0.69 | $255.13 | $25.51 | $280.64 |
| 01/28/2019 | Prolegal | 3,658<br>295 | 0.10<br>0.79 | $598.85 | $59.89 | $658.74 |
| 02/27/2019 | Prolegal | 1,850<br>876 | 0.10<br>0.79 | $789.44 | $78.94 | $868.38 |
| 03/08/2019 | Prolegal | 5,059<br>2,439 | 0.10<br>0.49 | $1,701.01 | $170.10 | $1,871.11 |
| 04/14/2021 | Prolegal | 2708<br>250 | 0.10<br>0.65 | $433.30 | $43.33 | $476.63 |
| 05/11/2021 | Prolegal | 2492 | 0.11 | $274.12 | $27.41 | $301.53 |
| Total |  |  |  |  |  | $4,992.38 |

The support documentation for the invoices in this Table is located at Exhibit D to the Notice of Filing Evidence, with a fuller explanation of the copy charge incurred found in the declaration of the undersigned at Exhibit A to said Notice.

"Copies attributable to discovery" are a category of copies recoverable under § 1920(4). *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989). This provision allows a prevailing party to recover the costs of copies of a wide range of documents. *Massey, Inc. v. Moe's Southwestern Grill, LLC*, Civil Action No. 1:07-CV-00741-RWS, 2015 WL 5794175, *4 (N.D. Ga. Oct. 5, 2015)(taxing costs of making a paper copy of documents produced electronically by opposing party so that they could be utilized in discovery and in depositions particularly); *Denton v. Daimler-Chrysler Corp.*, 645 F.Supp.2d 1215, 1228 (N.D. Ga. 2009)(taxing costs of printing documents produced by other side electronically). Like with depositions, in evaluating copying

costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue. *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing side, copies of exhibits, and documents prepared for the Court's consideration are recoverable. *Desisto College*, 718 F.Supp. at 913. The Eleventh Circuit has also held that "copies of paper" means "reproductions involving paper in its various forms, and [concluded] that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error." *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

As shown in the table above, most of the copy costs which Defendant seeks to have taxed as costs in this action were incurred as part of the trial preparation and trial presentation, including copying of trial exhibits.[2] These were the invoices dated January 28, 2019, by which Defendant obtained copies of Plaintiffs' pretrial disclosure documents that had been transmitted to Defendant electronically; February 27, 2019, by which a copy of Defendant's Trial Exhibits were copied to produce a bench book for the Court[3]; and March 8, 2019, by which copies of the Joint Exhibits and Defendant's Exhibits were made for submission to the Court in accordance with the Court's Pretrial Order entered February 27, 2019 (Doc. 153). *See Scottsdale Insurance Company v. Wave*

---

[2] A fuller and detailed explanation of these charges is contained in the Declaration of the undersigned, which is attached to the Notice of Filing Evidence as Exhibit A.

[3] This charge was incurred prior to a subsequent Pretrial Order entered February 27, 2019 which directed a different procedure for providing trial exhibits to the Court. However, the charge for copying Defendant's Exhibits for submission to the Court had already been incurred, and the test is whether the prevailing party could have reasonably believe that it was necessary to copy the papers at issue. *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

*Technologies Communications, Inc.*, No. 8:07-cv-1329-T-30MAP, 2012 WL 750317, *2 (M.D. Fla. March 7, 2012)(taxing copy costs incurred for trial exhibits used by counsel and delivered to the Court); *Massey, Inc. v. Moe's Southwestern Grill, LLC*, Civil Action No. 1:07-CV-00741-RWS, 2015 WL 5794175, *5 (N.D. Ga. Oct. 5, 2015)(taxing costs of producing copies of trial exhibits where other side had provided trial exhibits in electronic format).

Exhibit A to the Notice of Filing Evidence also explains an invoice in the Table above for copy charges dated October 15, 2018, which charge was incurred when Plaintiffs' counsel requested that an original deposition exhibit produced by Plaintiffs' expert DuMont – an entire box of documents related to his prior employment with the City – be returned, necessitating that Defendant make a copy of the exhibit anticipating the appearance of Dumont as an expert witness at trial who would need to be cross-examined. The charge was $280.64.

At the outset of discovery and for use in the litigation generally and for use in depositions specifically, Defendant made copies of Plaintiffs' document production which had been transmitted to Defendant electronically, and this copying is represented by the invoice dated April 19, 2017. Taxation of these items has been held proper by district court in this Circuit previously as shown by *Massey*, *supra*, and *Denton*, *supra*. Finally Defendant seeks costs in relation to copying needed for submissions of summary judgment briefs and evidence, as required by the Court's scheduling order and SDAL Local Rule 7(g). These costs are contained in the invoices dated April 14, 2021 and May 11, 2021.

Accordingly, Defendant seeks to have $4,992.38. in copy expenses taxed as costs, as reflected in the invoices attached as Exhibit D to the Notice of Filing Evidence.

Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing side, copies of exhibits, and documents prepared for the Court's consideration are

recoverable. *Desisto College*, 718 F.Supp. at 913. The Eleventh Circuit has also held that "copies of paper" means "reproductions involving paper in its various forms, and [concluded] that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error." *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

WHEREFORE, these premises considered, Defendant moves this Court for an Order taxing costs of this action delineated herein in the amount of $16,858.15 against Plaintiffs, and granting to Defendant such other, further or different relief to which Defendant may be entitled.

Respectfully submitted,

 *s/ Michael D. Strasavich*
DOUGLAS L. ANDERSON            (ANDED9624)
danderson@burr.com
MICHAEL D. STRASAVICH          (STRAM9557)
mstrasavich@burr.com
TAYLOR BARR JOHNSON            (BARRT8851)
tjohnson@burr.com

Attorneys for Defendant, City of Mobile, Alabama

OF COUNSEL:

BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama  36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 13th day of May, 2022:

John L. Lawler, Esq.
Post Office Box 47
Mobile, AL 36601

Roman P. Storzer, Esq.
Blair Lazarus Storzer, Esq.
Storzer & Associates, P.C.
1025 Connecticut Ave., N.W. Suite 1000
Washington, DC 20036

John G. Stepanovich, Esq.
Storzer & Associates, P.C.
618 Village Drive, Suite K
Virginia Beach, VA 23454

Ryan G. Lee, Esq.
U.S. Department of Justice-CRT-HCE
150 M Street, NE-4CON
Washington, DC 20530

                                          *s/ Michael D. Strasavich*
                                          OF COUNSEL