IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THAI MEDITATION ASSOCIATION ) | |
| OF ALABAMA, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACT. NO. 1:16-cv-395-TFM-MU |
| ) | |
| CITY OF MOBILE, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER

**THIS MATTER** having been brought before the Court on the Complaint of Plaintiffs, the THAI MEDITATION ASSOCIATION OF ALABAMA, INC., SIVAPORN NIMITYONGSKUL, VARIN NIMITYONGSKUL, PRASIT NIMITYONGSKUL, and SERENA NIMITYONGSKUL against the Defendant, the CITY OF MOBILE, ALABAMA, pursuant to the provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, the Alabama Religious Freedom Amendment, and Alabama common law, to redress violations of their civil rights by the Defendant; and

**WHEREAS**, the Thai Meditation Association of Alabama, Inc. is an Alabama religious organization; and

**WHEREAS**, Sivaporn Nimityongskul, Varin Nimityongskul, Prasit Nimityongskul and Serena Nimityongskul are all owners in fee simple of real property located in Mobile, Alabama; and

**WHEREAS**, the Defendant City of Mobile, Alabama ("the City") is a municipal

corporation that in 2015 and 2016 regulated land use within its jurisdiction pursuant to state law and the City's Zoning Ordinance, which Zoning Ordinance required churches and religious facilities to obtain a grant of planning approval from the City in order to locate and operate on real property zoned R-1 for single-family residential use; and

**WHEREAS**, the City denied an application for planning approval filed on or about September 11, 2015 which concerned real property located at 2410 Eloong Drive in the City ("the Eloong Drive property") which was zoned R-1 and owned by Plaintiffs Sivaporn Nimityongskul, Varin Nimityongskul, Serena Nimityongskul, and Prasit Nimityongskul, which application and site plan proposed certain construction on the Eloong Drive property in furtherance of a religious use of said property; and

**WHEREAS**, on July 26, 2016, Plaintiffs filed a multi-count complaint against the City in this Court alleging violations of RLUIPA, 42 U.S.C. § 2000cc, *et seq.*, the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, the Alabama Religious Freedom Amendment, and Alabama common law; and

**WHEREAS**, Defendant filed its Answer on November 14, 2016 and denies all liability for the claims asserted by Plaintiffs; and

**WHEREAS**, the remaining claims in this action allege violations of the Substantial Burden provisions of RLUIPA, 42 U.S.C. § 2000cc(a), and the Alabama Religious Freedom Amendment, Art. I, §3.01, contained in the Alabama Constitution; and

**WHEREAS**, the Parties to this lawsuit have voluntarily agreed and desire to resolve this matter through a settlement which includes entry of this Consent Order containing the injunctive relief provided for herein, with the aim of ending the continuing time, expense, and uncertainty of this litigation while resolving all outstanding issues between the parties before this Court; and

**WHEREAS**, under the Alabama Constitution, the Code of Alabama, and ordinances of the City, the City has legal authority to bind and enter into agreements requiring its agencies and departments to adhere to the provisions of this Consent Order; and

**WHEREAS**, this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 1343(3), (4), and over Plaintiffs' request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202; and

**WHEREAS**, this Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a); and

**WHEREAS**, this Court has personal jurisdiction over Defendant; and

**WHEREAS**, venue is properly in this District.

**IT IS THEREFORE ORDERED, ADJUDGED** and **DECREED** as follows:

1. To the extent that the City has amended its Zoning Ordinance since this lawsuit was filed in 2016, the subject applications for the Eloong property filed in September of 2015 shall be and are treated as grandfathered under the Zoning Ordinance in effect at that time.

2. The City shall be and is hereby enjoined from requiring a grant of planning approval, independent and aside from the terms of this Consent Order, for use of the Eloong Drive property as proposed in the application for planning approval and other applications – SUB2015-00114, ZON20158-02189 and ZON2015-02190 – made to the City on or about September 11, 2015. By the terms of this Consent Order and to the extent required by any federal, state, or local law or ordinance, the planning approval for use of the Eloong Drive property as contained in the September 11, 2015 application, as well as the approvals (planned unit development and subdivision) in the other aforementioned applications, is

      deemed **GRANTED** by this Consent Order without expiration and with no need for further action by the City.

3. Accordingly, by the grant of such approvals, Plaintiffs have the right to use the Eloong Drive property for the religious use applied for in the September 11, 2015 applications set forth above and to construct improvements thereon consistent with the revised site plan attached hereto as Exhibit 1 and which was submitted in the planning approval application.

4. Plaintiffs must comply with other federal (for example, wetlands, flood elevations, etc.), state, and local laws, rules and regulations (for example, engineering, building and fire codes) pertaining to the Eloong Drive property.

5. Any new subdivision or zoning-related application(s) submitted by Plaintiffs, meaning applications other than the aforementioned September 11, 2015 applications, shall be subject to the zoning laws, rules and regulations of the City as may exist at the time of any such new application. To the extent that any further approvals from the City are needed or sought, Plaintiffs shall file any required application(s) and the City will process such application(s) expeditiously and submit them to any appropriate board, commission, or other body of the City.

6. This Court shall retain jurisdiction over this Consent Order for a period of two years from its entry in order to resolve any disputes arising out of this Consent Order; however, the parties agree to use their best efforts to effectuate the purpose of this Consent Order and to resolve informally any differences regarding its interpretation or compliance therewith prior to bringing such matters to the Court.

7. For the two-year period referenced above, this Court will maintain this action on the Court's administrative docket. After expiration of this two-year period, absent a motion

made by a party and an Order of this Court providing otherwise, this action will be automatically dismissed with prejudice.

8. The parties and their counsel represent, agree, and warrant that they are fully authorized to approve this Consent Order. This Consent Order may be modified only by a motion of one or more parties and with the approval of the Court.

9. The parties agree that should any provisions of this Consent Order be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and any provision determined to be invalid or illegal shall be severed and stricken from this Consent Order.

10. Each party shall bear its own costs and attorney's fees in this action.

**DONE** and **ORDERED** this 18th day of July 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

Exhibit 1



COM 010578